| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON | IN THE COURT OF COMMON PLEAS<br>CIVIL ACTION NO.: |
|---|---|
| WILLIAM E. ROLLINS AND<br>CHRISTI L. ROLLINS,<br>AS GUARDIANS AD LITEM FOR<br>THEIR MINOR CHILD, E.R.,<br><br>Plaintiffs,<br><br>vs.<br><br>CADENCE EDUCATION, LLC d/b/a<br>CADENCE ACADEMY<br><br>Defendant. | <br><br><br><br><br><br>**SUMMONS**<br>**(JURY TRIAL REQUESTED)** |

TO:   CADENCE EDUCATION, LLC, THE DEFENDANT, ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at his office at 824 Meeting Street, West Columbia, SC 29169, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

THE CAROLINA LAW GROUP

s/W. Hugh McAngus, Jr.
W. Hugh McAngus, Jr (SC Bar #74941)
Attorney for the Plaintiff
824 Meeting Street
West Columbia, South Carolina 29169
(803) 881-1110

May 6, 2022

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON | IN THE COURT OF COMMON PLEAS<br>CIVIL ACTION NO.: |
| WILLIAM E. ROLLINS AND<br>CHRISTI L. ROLLINS,<br>INDIVIDUALLY AND AS<br>GUARDIAN AD LITEMS FOR<br>THEIR MINOR CHILD, E.R.,<br><br>Plaintiff,<br><br>vs.<br><br>CADENCE EDUCATION, LLC d/b/a<br>CADENCE ACADEMY<br><br>Defendant. | <br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs William E. Rollins and Christi L. Rollins would respectfully show unto the Court that:

**PARTIES, JURISDICTION, VENUE**

1. The parties, subject matter, and all matters and things hereinafter alleged are within this Court's jurisdiction.

2. At all times relevant to this action, Minor Child E.R. was a child under the age of two (2) years, and a resident of South Carolina.

3. At all times relevant to this action, William E. Rollins and Christi L. Rollins were residents of Charleston County, State of South Carolina and are the natural parents of Minor E.R.

4. Upon information and belief, Defendant Cadence Education, LLC ("Cadence") was a limited liability corporation, organized and existing under the laws of

ELECTRONICALLY FILED - 2022 May 06 11:10 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1002131

the State of Delaware, with its principal place of business in the state of residence of any of its members, which upon information and belief includes members in South Carolina.

5. Cadence maintains a registered agent for the service of process in Capitol Corporate Services, Inc., 2 Office Park Court, Suite 103, Columbia, SC 29223.

5. According to its website, Cadence Education provides parents with peace of mind by giving children an exceptional education every fun-filled day in a place as nurturing as home. .

6. Defendant Cadence Education, LLC operates Cadence Academy Preschool at 1966 Magwood Drive, Charleston, SC 29414.

7. At all times relevant to this action, persons acting on behalf of Defendant Cadence were acting individually and as agents, servants, and/or employees, and within the scope of their agency and/or employment with Defendant.

8. At all times relevant to this action, Defendant Cadence is liable for the acts and/or omissions of their agents, servants, and/or employees within the scope of their agency and/or employment with Defendant, under the doctrine of respondeat superior.

9. Venue in this Court is proper as the most substantial part of the alleged act and/or omission giving rise to this lawsuit occurred in Charleston County.

## FACTS

10. On or about May 28, 2021, Minor Child E.R. was in the care of Defendant Cadence and more specifically Cadence Academy in Charleston County, South Carolina.

11. Caregivers at Cadence Academy failed to properly supervise and monitor E.R., and she suffered personal injuries as a result, including a broken collar bone.

ELECTRONICALLY FILED - 2022 May 06 11:10 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1002131

12. As a result of the Cadence Academy's acts and omissions, E.R. has suffered the following injuries and damages:

    a) extensive pain, mental anguish, suffering and discomfort;

    b) disability for a period of time;

    c) inability to carry on normal activities;

    d) emotional trauma and distress; and,

    e) loss of enjoyment of life.

13. Cadence and specifically Cadence Academy operates as a Child Care Facility.

14. In return for the privilege to operate as a licensed Child Care Facility, prospective licensees must make certain health and safety related certifications.

15. Before a child care facility may begin operations it must file an Application to Operate a Child Care Facility – DSS Form 2902 and obtain a license approving the same.

16. Child Care Facilities such as the Defendant are required to submit a DSS Form 2902, whereby the Defendant must declare and certify that it intends to comply with the regulations applicable to the child care facility which include, but are not limited to regulations regarding staff:child ratios and supervision of children, beginning with the first day that care is provided to children.

17. In addition, Child Care Facilities, such as those operated by the Cadence and specifically Cadence Academy are required to follow the industry and regulatory standards that protect the health, safety, and well-being of children receiving care in their facilities.

ELECTRONICALLY FILED - 2022 May 06 11:10 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1002131

ELECTRONICALLY FILED - 2022 May 06 11:10 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1002131

18.  It is standard in the child care industry for Child Care Facilities to know and understand the importance of utilizing only authorized caregivers to supervise children.

19.  It is standard in the child care industry for Child Care Facilities to know and understand the importance of supervision and that it requires staff awareness of and responsibility for the ongoing activity of each child, knowledge of activity requirements, and children's needs and accountability for their care.

20.  It is standard in the child care industry for Child Care Facilities to know and understand that adequate supervision requires the director and/or staff being near and having ready access to children in order to intervene when needed before an injury occurs.

21.  It is standard in the child care industry for Child Care Facilities to know and understand that adequate supervision requires staff to meet staff:child ratios and being in the room at all times when children are present.

22.  Reasonably safe Child Care Facilities develop, design, and implement policies and procedures to ensure that they have adequate staff at all times to prevent injury to the children under their care.

23.  Reasonably safe Child Care Facilities train their employees to know and understand the requirements necessary to adequately staff the facility in order to prevent injury to children in their care.

24.  Plaintiffs are informed and believe that Defendant Cadence was negligent, grossly negligent, careless, reckless, willful or wanton in at least one of the following ways:

   a.  failing to exercise due care;
   b.  failing to exercise the care that was necessary under the circumstances;

    c. failing to do what a reasonable person or entity would have done under the circumstances;

    d. failing to properly supervise children in its care;

    e. failing to hire adequate personnel;

    f. failing to hire adequately trained personnel;

    g. failing to adequately train personnel;

    h. failing to adequately manage personnel;

    i. in utilizing unauthorized caregivers;

    j. failing to develop adequate policies and procedures; and,

    k. in such other particulars as may be found through discovery or trial.

25. Plaintiffs believe they entitled to judgment against the Defendant for actual and punitive damages in an appropriate amount.

WHEREFORE, the Plaintiffs pray as follows: (a) that the Plaintiffs recover a judgment against the Defendant in an amount sufficient to compensate them for their damages as described above; (b) that Plaintiffs recover a judgment for an amount of punitive damages as authorized by law; (c) that Plaintiffs recover all costs associated with this action; and (d) that Plaintiffs recover such other relief as the court may deem just and proper.

        THE CAROLINA LAW GROUP

        s/W. Hugh McAngus, Jr.
        W. Hugh McAngus, Jr (SC Bar #74941)
        Attorney for the Plaintiff
        824 Meeting Street
        West Columbia, South Carolina 29169
        (803) 881-1110

May 6, 2022

ELECTRONICALLY FILED - 2022 May 06 11:10 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1002131