IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| WILLIAM E. ROLLINS and CHRISTI ROLLINS, *as guardians ad litem for their minor child*, E.R., <br><br> Plaintiff, <br><br> vs. <br><br> CADENCE EDUCATION, LLC d/b/a CADENCE ACADEMY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 2:22-cv-02157-DCN <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) |

  This matter is before the court on defendant Cadence Education, LLC's ("Cadence Education") motion for leave to amend its answer, ECF No. 7, and its motion for leave to submit an affidavit relating to jurisdiction for <u>in camera</u> review, ECF No. 10. For the reasons set forth below, the court grants the motion for leave to amend its answer and denies the motion for leave to submit an affidavit relating to jurisdiction for <u>in camera</u> review.

**I.  BACKGROUND**

  Plaintiff William E. Rollins and Christi Rollins, as guardians ad litem for their minor child, E.R., (the "Rollinses") allege that Cadence Education, through its childcare facility and its employees, negligently and recklessly injured the Rollinses' minor child while she was under Cadence Education's care. ECF No. 1-1, Compl. ¶¶ 7–8, 10–11, 24. The Rollinses allege that their daughter, E.R., suffered personal injuries as a result, including a broken collar bone. <u>Id.</u> ¶ 11.

1

The Rollinses brought this civil action in the Charleston County Court of Common Pleas on May 6, 2022. ECF No. 1-1. Cadence Education removed the case from state court on July 7, 2022, alleging that the court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. ECF No. 1 at 2. The Rollinses filed the motion to remand to state court on July 29, 2022. ECF No. 6. Cadence Education responded in opposition and filed a motion for leave to amend its answer on August 1, 2022. ECF No. 7. The Rollinses replied in opposition on August 8, 2022, ECF No. 8. The court is not ruling on the motion to remand in this order, and as such, that motion remains pending.

On October 6, 2022, Cadence Education filed a motion for leave to submit an affidavit relating to jurisdiction for in camera review. ECF No. 10. On October 11, 2022, the Rollinses responded in opposition, ECF No. 11, to which Cadence Education replied on October 19, 2022, ECF No. 13. As such, the motion has been fully briefed and is now ripe for the court's review.

## II.   DISCUSSION

Cadence Education removed this action under 28 U.S.C. § 1332, alleging that all parties are diverse because the Rollinses are citizens and residents of Charleston County, South Carolina, whereas Cadence Education is a limited liability company ("LLC") organized and existing under the laws of Delaware, and all of its members reside outside of South Carolina. ECF No. 1 ¶¶ 7–8. Further, the amount in controversy exceeds $75,000 because the Rollinses claim damages in the amount of $150,000. Id. ¶ 6.

The Rollinses seek to remand the case to state court, alleging the removal was improper because at least one member of Cadence Education resides in South Carolina, which destroys complete diversity. ECF No. 6. Further, the Rollinses allege that

Cadence Education failed to adequately show diversity of citizenship since it failed to identify any of its members.  Id.  The removing party bears the burden of proving that the parties are diverse, and the Rollinses allege that Cadence Education has not met its burden.  Id. at 2 (citing Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y., 822 F. 3d 739, 738 (4th Cir. 2016)).

In response, Cadence Education submitted a memorandum in opposition to the Rollinses' motion to remand and submitted its motion for leave to amend its answer to the Rollinses' complaint.  ECF No. 7.  Cadence Education submitted the affidavit of Brian Crowley, the Chief Financial Officer for Cadence Education, who specifies that the only member of Cadence Education is Sunshine Cadence Buyer LLC ("Sunshine Cadence").  ECF No. 7-1.  He alleges that Sunshine Cadence does not have a principal office in South Carolina but does not specify where it does have a principal office.  Id.  In its proposed amended answer, Cadence Education admits that it is an LLC organized and existing under the laws of Delaware but denies that any of its members reside in South Carolina.  ECF No. 7-2, Amend. Answer.

Cadence Education requests permission to submit an affidavit containing additional jurisdictional facts for in camera review.  ECF No. 10-1 at 2.  In that motion, Cadence Education requests the court review the affidavit of Jomar Jenkins, which, according to Cadence Education, will provide the court with the jurisdictional facts (e.g., the identity and citizenship of its upstream members) necessary to determine whether subject matter jurisdiction exists.  Id.  Cadence Education requests the court review the affidavit in camera to preclude the information regarding its corporate structure and the identity of each upstream member from disclosure to the public and opposing counsel.

Id. at 3. It requests as much to maintain the level of privacy afforded by Delaware law with regards to limited liability companies, while also "availing itself to the benefits of litigating this case in federal court." Id.

The Rollinses oppose this request for in camera review. ECF No. 11. They cite to Rule 26 of the Federal Rules of Civil Procedure, which dictates that "unless compelling reasons exist for imposing restrictions, all discovery will take place in an open court." Id. at 2. The Rollinses also cite to cases that support public access to judicial records, particularly those cases where protective orders were criticized for not being supported by an independent showing of good cause. Id. at 3–4.

**A. Motion for Leave to Amend Answer**

In the proposed amended answer, Cadence Education admits that it is an LLC organized and existing under the laws of Delaware but denies that any of its members reside in South Carolina. ECF No. 7-2, Amend. Answer. Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading as a matter of course within 21 days after serving it; however, in all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. Cadence Education seeks to amend its answer twenty-five days after it filed its original answer, four days beyond when it could have amended its answer as a matter of right. Therefore, Cadence Education must seek leave of the court to amend its answer.

"The court should freely give leave when justice so requires." Id. Applying Rule 15, the United States Supreme Court has expressed a preference for resolving claims on the merits, stating that

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

>cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Foman v. Davis, 371 U.S. 178, 182 (1962).  The disposition of a motion to amend is within the sound discretion of the district court.  Id.  "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Cadence Education alleges that it inadvertently admitted the allegations in Paragraph 4 that averred it had members in South Carolina.  That averment, if true, would require the court to remand to state court due to Cadence Education's failure to assert complete diversity, since the Rollinses are citizens of South Carolina.  Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so require."  Fed. R. Civ. P. 15(a)(2).  That is, Rule 15(a) leave to amend shall be given freely absent any bad faith, undue prejudice to the opposing party, or futility of amendment.  See Foman v. Davis, 371 U.S. 178, 182 (1962).

The Rollinses request the court deny Cadence Education's motion to amend as futile, since the proposed amendment is futile "when it has failed to establish the federal courts have subject matter jurisdiction over this matter."  ECF No. 8 at 2–3.  "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient . . . on its face."  Foster v. Wintergreen Real Est. Co., 363 F. App'x

5

269, 276 (4th Cir. 2010) (quoting <u>Johnson</u>, 785 F.2d at 510). The Rollinses argue that the question of the amendment's futility requires the court to evaluate the merits of the claim—that even with the amendment Cadence Education has failed to allege with sufficient particularity that the parties have complete diversity such that the case may be removed to federal court.

The court disagrees with the Rollinses' standard. Here, the amendment is not futile because it takes a case where the parties are clearly not diverse, since both parties included South Carolina citizens, and changes it to create a debate over whether Cadence Education has sufficiently alleged that the members of the LLC are not citizens of South Carolina. Whether Cadence Education has sufficiently alleged with particularity that its members are not citizens of South Carolina is a question the court evaluates under the motion to remand, not under the motion to amend.

Cadence Education seeks leave to amend its answer to reflect an accurate statement regarding the residency of the members of the LLC a mere four days after it could have amended its answer as a matter of right. ECF No. 7 at 4. It avers that the admission that its members were citizens of South Carolina was inadvertent; it now seeks to clearly deny that any of its members reside in South Carolina. Pursuant to 28 U.S.C. § 1653, jurisdictional pleading defects may be cured in the district court or on appeal. For the foregoing reasons, the court grants Cadence Education's motion for leave to amend its answer.

### B. Motion for Leave to Submit an Affidavit for <u>In Camera</u> Review

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The scope and conduct of discovery are within the sound discretion of the district court." Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995) (citing Erdmann v. Preferred Rsch., Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988)). "In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" See Brey Corp. v. LQ Mgmt., L.L.C., 2012 WL 3127023, at *4 (D. Md. July 26, 2012) (quoting Clere v. GC Servs., L.P., 2011 WL 2181176, at *2 (S.D. W.Va. June 3, 2011)).

So far, Cadence Education put its citizenship at issue when it removed this case to federal court based on diversity jurisdiction. See 28 U.S.C. § 1332. It is well established that LLCs that wish to establish diversity of citizenship must disclose the citizenship of each of its members, and if its members are LLCs, their citizenship must also be disclosed. See Jennings v. HCR ManorCare, Inc., 901 F. Supp. 2d 649, 651 (D.S.C. 2012) (citing Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004)) (holding that an LLC's members' citizenship must be traced through however many layers of members there may be). Cadence Education requests the court maintain the level of privacy afforded by Delaware law with regards to limited liability companies, while also "availing itself to the benefits of litigating this case in federal court." ECF No. 10-1 at 3. But, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576,

7

583 (4th Cir. 2006). Further, "[i]n camera inspections are burdensome and are conducted without the benefit of an adversary proceeding." Weissman v. CIA, 565 F.2d 692, 697 (D.C. Cir. 1977). "In camera inspection of disputed documents places a very burdensome demand on federal trial court . . . [and] also creates problems for appellate review." Mead Data Cent., Inc. v. U.S. Dep't of Air Force, 566 F.2d 242, 250 n.10 (D.C. Cir. 1977).

Given that the Rollinses oppose an in camera hearing, and that Cadence Education put its citizenship at issue by removing the case to federal court based on diversity jurisdiction, the court denies Cadence Education's request for in camera review.

### III.   CONCLUSION

For the foregoing reasons the court **GRANTS** Cadence Education's motion for leave to amend its answer and **DENIES** its motion for leave to submit an affidavit relating to jurisdiction for in camera review.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**October 28, 2022
Charleston, South Carolina**